UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TERRY LEE HAWKINS, JR.,**  Plaintiff,  v.  **DANIEL HOLCOMB,** *et al.***,**  Defendants. | Case No. 1:22-cv-1193-CLM |

## MEMORANDUM OPINION AND ORDER

This case involves a public dispute between brothers-in-law that spilled into a restaurant parking lot. Off-duty officer Daniel Holcomb happened to be in that parking lot, and he struck one of the brothers-in-law, Terry Lee Hawkins, in the back of the head while trying to help responding officers detain Hawkins.

Hawkins now sues Holcomb for battery (Count I) and for violating his Fourth Amendment right against unreasonable seizure (Count IV). Hawkins also sues Jeff Shaver, Sheriff of Cherokee County, for failure to train (Count XIV). Deputy Holcomb and Sheriff Shaver (collectively "Defendants") seek summary judgment. (Doc. 57). For the reasons stated below, the court **GRANTS** Defendants' motion for summary judgment.

### BACKGROUND

Terry Hawkins and Jason Mallet are brothers-in-law. On the night of September 4, 2022, the two were together with family at Easy Street Restaurant. While inside, Hawkins and Mallet started arguing verbally, then physically. The fight spilled into the parking lot. Police were called.

At the same time, Deputy Holcomb and his wife were having drinks with Officer Seth Bishop and his wife. (Doc. 60, p. 5, ¶ 3). Both officers were off duty.

1

The rest is on video.

When on-duty officers arrived, they helped family members separate Hawkins and Mallet. Officers first dealt with Mallet, seen here:



The situation escalated, so to gain control, officers handcuffed Mallet. Deputy Holcomb (circled) helped:



As officers dealt with Mallet, Hawkins' family members became increasingly irate toward Mallet. Once officers restrained Mallet,

2

Hawkins rushed across the parking lot toward him—seemingly to attack. Officers stopped him:



As officers held him, Hawkins yelled "y'all want some" and "come get it." Seeing and hearing the commotion, Deputy Holcomb walked across the parking lot to help the officers who were trying to restrain Hawkins:



While multiple officers (including Holcomb) wrestled Hawkins to the ground, a standing officer tased Hawkins:



Having tased Hawkins, officers told him to roll over to be cuffed. Deputy Holcomb kneeled on Hawkins' right side, shown below:



Hawkins did not comply. So officers fought to gain control of Hawkins' hands. During the struggle, Deputy Holcomb delivered two or three elbow strikes to Hawkins' head and upper neck area.

4





Just after Deputy Holcomb's strikes, officers managed to gain control of Hawkins' arms and promptly handcuffed him. As soon as Hawkins was handcuffed, officers stopped using force.

Hawkins was cut over his left eyebrow during the altercation:



Hawkins now sues Deputy Holcomb and Sheriff Shaver for his injuries.

## STANDARD OF REVIEW

1. *Rule 56*: In reviewing a motion for summary judgment, this court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2. *Qualified Immunity*: That said, qualified immunity protects government officials from being sued in their individual capacities if "their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982)). The Eleventh Circuit applies a two-part test to determine whether qualified immunity applies: "First, the official must prove that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority. Second, if the official meets that burden, the plaintiff must prove that the official's conduct violated clearly established law." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998) (citations omitted).

## DISCUSSION

### I. Official Capacity Lawsuits

Defendants first argue that Hawkins' § 1983 claims against them in their official capacity must be dismissed under the Eleventh Amendment. The court agrees.

"It is well-settled that Eleventh Amendment immunity bars suits brought in federal court when the State [or] arm of the state is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (cleaned up). In determining whether a state official is covered by Eleventh Amendment immunity, the court must consider Alabama state law. *See Carr v. Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). Under Alabama law, sheriffs are considered executive officers of the state. *Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987); *see* Ala. Const. art. I, § 14. That said, official capacity lawsuits against sheriffs are essentially lawsuits against the state. *Carr*, 916 F.2d at 1524. Indeed, "a deputy is legally an extension of the sheriff." *Id.* at 1526. So the Eleventh Amendment provides absolute immunity to both sheriffs and sheriff's deputies sued in their official capacities.

Accordingly, the court finds that all claims against Sheriff Shaver and Deputy Holcomb in their official capacities are due to be dismissed. That leaves Hawkins' § 1983 and battery claims against Deputy Holcomb in his individual capacity.

7

## II.  Qualified Immunity for Remaining Claims

The Fourth Amendment protects citizens from "unreasonable searches and seizures," including excessive use of force by law enforcement. U.S. CONST. amend. IV. Hawkins alleges that Deputy Holcomb used excessive force when he struck Hawkins in the head and upper neck area two or three times. In response, Deputy Holcomb asserts the defense of qualified immunity.

### A. The test for qualified immunity

Qualified immunity protects government officials from being sued in their individual capacities so long as "their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "Once an official demonstrates that he was performing a discretionary function, the plaintiff must show that the defendant is not entitled to summary judgment on qualified immunity grounds." *Matthews v. Wetherbee*, 839 Fed.Appx. 395, 396 (11th Cir. 2020).

Hawkins concedes that Deputy Holcomb was acting within the scope of his duties as a law enforcement officer when he assisted in Hawkins' detainment. So the question is whether Hawkins can show that Deputy Holcomb is not entitled to qualified immunity. "To show that a government official is not entitled to summary judgment on qualified immunity grounds, the plaintiff must show that a reasonable jury could find both that the [official] violated a constitutional right and that the constitutional right was clearly established." *Id.* at 397.

The court does not decide whether a reasonable jury could find that Deputy Holcomb's actions were unreasonable under the Fourth Amendment because, even if he could, the court finds that the violation would not have been clearly established at the time of the incident.

8

### B. No violation of clearly established law

As the plaintiff, Hawkins must show that Deputy Holcomb is not entitled to qualified immunity. *Jarrad v. Sheriff of Polk Co.*, 115 F.4th 1306, 1323 (11th Cir. 2024). He can do so by doing one of these three things: (1) coming forward with case law with indistinguishable facts clearly establishing a constitutional right; (2) pointing to a broad statement of principle within the Constitution, statute or case law that clearly establishes a constitutional right; or (3) showing that Deputy Holcomb's conduct was so egregious that a constitutional right was clearly violated, even in the complete absence of case law. *Id.* at 1323-24. "Needless to say, the first and third paths are narrow." *Id.* at 1324. And "[u]se of excessive force is an area of the law in which the result depends very much on the facts of each case," so "police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (quotations omitted).

As explained below, the court does not find that Hawkins can meet his burden under any of these three vehicles.

1. *Indistinguishable caselaw*: Hawkins points to *Hadley v. Gutierrez*, 526 F.3d 1324 (11th Cir. 2008), as clearly establishing that Deputy Holcomb violated his right to be free from excessive force. But the court finds *Hadley* is distinguishable.

In *Hadley*, police responded to a disturbance caused by a plaintiff at a local supermarket. 526 F.3d at 1327. The plaintiff was detained by officers without incident. *Id.* Once detained, officers exited the supermarket escorting the plaintiff to their patrol vehicle. *Id.* While handcuffed, the plaintiff began asking for Jehovah's protection. *Id.* In response, one officer punched the plaintiff in the stomach. *Id.* The Circuit found that the officer's single punch constituted excessive force. *Id.* at 1330. Because the plaintiff "neither resisted arrest nor posed a danger" to the officer, the court found that striking the plaintiff violated his clearly established Fourth Amendment rights. *Id.*

This case is unlike *Hadley*. Before the strike in *Hadley*, (a) officers fully detained the plaintiff, and (b) the plaintiff showed no signs of resisting arrest. That's not the case here. Video shows that Hawkins was not fully detained and he was still resisting when Deputy Holcomb struck him.

Hawkins disagrees; he says he was completely incapacitated when Holcomb hit him. But the video shows otherwise, and when "a video in evidence obviously contradicts the nonmovant's version of the facts, [the court] accept[s] the video's depiction instead of the nonmovant's account and view[s] the facts in the light depicted by the videotape." *Baxter v. Roberts*, 54 F.4th 1241, 1253 (11th Cir. 2022). So while the court ordinarily looks at the evidence in the light most favorable to Hawkins, the court finds that video evidence clearly depicts Hawkins resisting arrest until he is ultimately handcuffed by officers.

On that point, the video also shows that Deputy Holcomb stopped using force as soon as another officer announced that he had control of Hawkins. So this case is materially different than *Hadley*, where the officer hit the plaintiff well after he was detained.

2. *Broad statement of principle*: Again, Hawkins needn't point to a case with indistinguishable facts if cases make a broad statement of principle so clear "that every reasonable officer would know his conduct was unlawful despite the fact that [courts] hadn't yet applied the principle to the specific facts of his case." *Jarrad*, 115 F.4th at 1324. Last year, the Circuit Court said this broad statement could be used without indistinguishable facts: "an arresting officer may not use gratuitous force on a non-resisting suspect who no longer poses a threat to the officer's safety." *Id.* (discussing *Acosta v. Miami-Dade Cty.*, 97 F.4th 1233 (11th Cir. 2024) (denying qualified immunity when officers tased and kicked "a non-resisting suspect who was lying on the ground); *see also Smith v. Mattox*, 127 F.3d 1416, 1418–20 (11th Cir. 1997) (denying qualified immunity to officer who before fastening handcuffs, broke the arm of previously resisting arrestee who had docilely submitted to arrest).

Deputy Holcomb's actions do not violate this broad principle. Again, the body-cam video shows Hawkins was not in handcuffs and was resisting officers when Deputy Holcomb struck him. The video also shows Deputy Holcomb stopped as soon as Hawkins was detained. So Hawkins cannot show that Holcomb violated a broad statement of principle.

3. *So egregious that it is inherently unreasonable*: Finally, the court does not find that Deputy Holcomb's actions were so egregious that they violated clearly established law despite the lack of cases on point. Just last year, the Circuit Court affirmed that "an officer may lawfully use force against a suspect who never submits or ceases to resist arrest." *Acosta*, 97 F.4th at 1241. The video shows that Hawkins had not "cease[d] to resist arrest" when Deputy Holcomb struck him, *id.*, so the court cannot say that Holcomb violated clearly established law. If anything, Hawkins followed established law by using force—even if that force were excessive or unnecessary—until Hawkins stopped resisting. The Circuit Court recognizes "that the right to make an arrest necessarily carries with it the right to use some degree of physical coercion … to effect it." *Ingram v. Kubik*, 30 F.4th 1241, 1251 (11th Cir. 2022) (cleaned up).

—

To sum up, a reasonable juror might find that Deputy Holcomb used unreasonable force to seize Hawkins because Hawkins had been tased and was surrounded by multiple officers trying to detain him. But that finding would not violate clearly established law because, at the time of the incident, officers were allowed to use physical force to restrain a suspect who was disobeying lawful commands or resisting constraints. So Deputy Holcomb is entitled to qualified immunity, which results in summary judgment in Holcomb's favor on Count IV.

### III. Supplemental jurisdiction

In parts I and II, the court granted Defendants' motions for summary judgment on the remaining claims pleaded under federal law. That leaves one claim: Count I alleges state-law battery against Deputy Holcomb. Deputy Holcomb argues that the Alabama Constitution gives him immunity from that claim. And the parties argue that resolution of that claim involves a novel question of state law (the sixth *Moulton* factor) that has split the federal district courts and is set for oral argument before the Supreme Court of Alabama on April 2, 2025. *See Ex parte Underwood*, Supreme Court of Alabama, Case No. 2024-0263.

Title 28, Section 1367(c) says that this court may decline to exercise supplemental jurisdiction over state-law claims (a) if the claim "raises a novel or complex issue of State law," or (b) once the federal court "has dismissed all claims over which it has original jurisdiction." Both instances apply here, so the court declines to decide this complex state-law issue and thus **DISMISSES** Hawkins' battery claim **WITHOUT PREJUDICE**. *See* 28 U.S.C. §§ 1367(c)(1), -(c)(3).

### CONCLUSION

For these reasons above, the court **GRANTS** Defendants' motion for summary judgment on Counts II and XIV. The court **DISMISSES** Count I without prejudice. The court will enter a separate order that carries out this ruling and closes this case.

**DONE** and **ORDERED** on March 19, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE